UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 3:25-cv-40

| | |
|---|---|
| Claudette Adegboro,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Wells Fargo Bank N.A. d/b/a Wells Fargo Card Services, GreenSky LLC, Synchrony Bank, and Capital One Financial Corporation,<br><br>　　　　　　Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

# JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants conducts business in this District.

# PARTIES

4. Plaintiff Claudette Adegboro (hereinafter "Plaintiff") is a natural person who resides in the City of Madison, State of Wisconsin, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

1

5. Defendant, Wells Fargo Bank, National Association d/b/a Wells Fargo Card Services (hereinafter "Defendant WF"), is a national bank that is licensed to do business in the State of Wisconsin and regularly conducts business in said State. Defendant WF has a principal place of business located at 420 Montgomery Street, San Francisco, CA 94104, and 7000 Vista Drive, West Des Moines, IA 50266. Defendant WF has an agent of service of Corporation Service Company, 505 5th Ave, Suite 729, Des Moines, IA 50309. Defendant WF is a "person" as defined in 15 U.S.C. § 1681a(b) and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

6. Defendant, GreenSky LLC (hereinafter "Defendant GreenSky"), is a financial technology company that provides a platform for banks and merchants to offer consumer loans, primarily for home improvement projects, by acting as a third-party service provider and program administrator, essentially allowing businesses to extend credit to their customers through a "point-of-sale" financing option. Defendant GreenSky is licensed to do business in the State of Wisconsin and regularly conducts business in said State. Defendant GreenSky has a principal place of business located at 5565 Glenridge Connector, Suite 700, Atlanta, GA 30342, and has a registered agent for service in Wisconsin of Joseph Timothy Lauersdorf, 6266 Portage Road, Deforest, WI 53532. Defendant GreenSky is a "person" as defined in 15 U.S.C. § 1681a(b) and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

7. Defendant, Synchrony Bank (hereinafter "Defendant Synchrony"), is a national bank that is licensed to do business in the State of Wisconsin and regularly conducts business in said State. Defendant Synchrony has a principal place of business

located at 777 Long Ridge Road, Stamford, CT 06902. Defendant Synchrony is a "person" as defined in 15 U.S.C. § 1681a(b) and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

8. Defendant Capital One Financial Corporation (hereinafter "Defendant Capital One") is a foreign corporation incorporated under the laws of the state of Delaware; is authorized to do business in the state of Wisconsin; and has a principal executive office located at 1680 Capital One Drive, McLean, Virginia 22102. Defendant Capital One is a "person" as defined in 15 U.S.C. § 1681a(b) and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

## FACTUAL ALLEGATIONS

9. Due to unforeseen economic circumstances related to divorce proceedings (Case No.: 2022FA1687 Case Code: 40101 – Divorce).

10. The plaintiff was ordered to assume over 90% of the marital debt and plaintiff was unable to keep up with her payment obligations.

11. To protect her credit profile and attempt to stay current and pay off her creditors, Plaintiff entered a voluntary amortization of their debts by filing a Wisconsin Chapter 128.21 proceeding in Dane County Circuit Court.

12. Plaintiff's Chapter 128 proceeding was filed and assigned case #23CV2743 in October 2023.

13. On October 23, 2023, the Trustee mailed a copy of the Notice to Creditors to the Defendants.

14. On December 12, 2023, Plaintiff received the Dane County Circuit Court Order affirming Plaintiff's Chapter 128 plan.

15. By operation of Wisconsin Statute 128.21, Plaintiff's creditors, including but not limited to Defendants, are to cease further collection activity, including but not limited to progressively adverse credit reporting accounts as increasingly late, past due, or charged off status.

16. Defendant received notice of Plaintiff's plan via United States Mail on or about October 23, 2023.

17. In or about November of 2023, Plaintiff began receiving alerts from her credit monitoring service, Credit Hero Score, stating that she had been delinquent on several payments.

18. The plaintiff immediately contacted several creditors, who listed her as delinquent in her payments. During her conversations with the Defendants, she understood that they would disregard her Chapter 128 plan and continue reporting to her as late or past due.

19. Therefore, in January 2024, Plaintiff submitted disputes to the national credit reporting agencies, Trans Union (hereinafter "TU"), Equifax Information Services LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), pursuant to 15 U.S.C. § 1681i, stating, in relevant part, that the accounts with the Defendants were reporting incorrectly and explained that the accounts should not be reported as late or delinquent after the filing of her Chapter 128 petition per Wisconsin Chapter 128.

20. Attached to Plaintiff's January 2024 dispute letters, she included copies of the Chapter 128 plan along with her attorney's name and contact information and the Chapter 128 trustee's name and contact information.

21. The credit reporting agencies described above all transmitted Plaintiff's disputes, including proof documents, to each Defendant.

22. Defendants all failed to conduct reasonable investigations into Plaintiff's January 2024 disputes, failed to review all relevant information available to it, and failed to update and/or remove the inaccurate account history, or in the alternative, to report the account as "disputed" by changing the Metro II CCC (Compliance Condition Code) to "XB," and, instead, incorrectly verified to TU, Equifax, and Experian that Plaintiff's accounts were being reported correctly, in violation of 15 U.S.C. § 1681s-2(b).

23. Plaintiff received her Experian dispute results on March 4, 2024. The Experian report shows that:

- Defendant Wells Fargo, partial account number 414718152195****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant Wells Fargo, partial account number 577442229588****, refused to remove the late payment history from November 2023 through January 2024.
- Defendant Capital One, partial account number 400344954372****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant GreenSky, partial account number 710000219280****, refused to remove the late payment history starting in November 2023 through January 2024.

24. Plaintiff received her Trans Union dispute results on March 2, 2024. The Trans Union report shows that:

- Defendant Wells Fargo, partial account number 414718152195****, refused to remove the late payment history starting in November 2023 through January 2024.

- Defendant Wells Fargo, partial account number 577442229588****, refused to remove the late payment history from November 2023 through January 2024.
- Defendant Capital One, partial account number 400344954372****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant GreenSky, partial account number 710000219280****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant Synchrony Networks, partial account number 650172584748****, refused to remove the late payment history from December 2023 through January 2024.

23. Plaintiff received her Equifax dispute results on March 14, 2024. The Equifax report shows that:

- Defendant Wells Fargo, partial account number 414718152195****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant Capital One, partial account number 400344954372****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant GreenSky, partial account number 710000219280****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant Synchrony Networks, partial account number 650172584748****, refused to remove the late payment history from December 2023 through January 2024.

24. Despite receiving copies of the Plaintiff's Chapter 128 plan from the trustee, the Defendants' reporting of their various tradelines was inaccurate and violated the Chapter 128 mandates.

25. Defendants failed to conduct reasonable investigations into Plaintiff's disputes, update the tradelines wholly and accurately to demonstrate the Chapter 128 plan, and therefore violated 15 U.S.C. §1681s-2(b).

26. Specifically, the Defendants reported and are currently reporting the Plaintiff's accounts as seriously delinquent instead of taking into account the Chapter 128 plan/payment or reporting the payment history as "I-7 or R-7" or repayment plan.

27. Furthermore, Defendant Wells Fargo, partial account 577442******, is currently reporting as a "Charge Off" to both credit reporting agencies, Trans Union and Equifax, in violation of 15 U.S.C. § 1681s-2(b).

## PLAINTIFF'S DAMAGES

28. As a result of Defendants' inaccurate furnishing/reporting, Plaintiff has suffered a reduced credit score and profile, loss of time spent contacting Defendants, mortgage denials from Johnson Bank, Fairway Independent Mortgage Corporation, Wintrust Mortgage, and Stampfli Mortgage, reduced credit limits, emotional distress, frustration, reputation, depression, and anxiety constituting actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and § 1681n.

29. Plaintiff is entitled to attorney's fees and costs from each Defendant pursuant to 15 U.S.C. § 1681o(a)(2) and § 1681n.

## RESPONDEAT SUPERIOR LIABILITY

30. The acts and omissions of employees and other agents of Defendants who communicated with Plaintiff and/or with the CRAs were committed within the time and space limits of their agency relationship with their principal, Defendants.

31. The acts and omissions by these agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants.

32. By committing these acts and omissions against Plaintiff, these agents were motivated to benefit their principal, Defendants.

33. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its agents, including but not limited to violations of the FCRA.

**STANDING**

34. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

   a. a valid injury in fact;
   b. which is traceable to the conduct of Defendants;
   c. and is likely to be redressed by a favorable judicial decision.

*See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

35. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

*The "Injury in Fact" Prong*

36. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

37. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Defendants' actions negatively impacted Plaintiff's credit.

38. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. In the instant case, Plaintiff personally suffered worse credit and emotional distress.

*The "Traceable to the Conduct of Defendants" Prong*

39. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendants.

40. In the instant case, this prong is met simply by the facts that the violative conduct contemplated in this Complaint was initiated by Defendants directly, or by Defendants' agents at the direction of Defendants.

*The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

41. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

42. In the present case, Plaintiff's Prayers for Relief includes a request for statutory and actual damages. The damages were set by Congress and specifically redress the financial damage suffered by Plaintiff.

43. Furthermore, the award of monetary damages redress the injuries of the past, and prevent further injury by Defendants in the future.

44. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendants on the stated claims.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT –

## 15 U.S.C. § 1681, *et seq*. – ALL DEFENDANTS

45. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

46. Defendants prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false consumer information regarding Plaintiffs, as defined in the Fair Credit Reporting Act.

47. Defendants willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation concerning the disputed information and failing to review all relevant information available to Defendants, and at the very least, failing to update their tradeline(s) as disputed.

48. Defendants' conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act.

49. Plaintiff is entitled to recover costs and attorneys' fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II.

## CREDIT DEFAMATION

50. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

51. Defendants maliciously communicated false and derogatory information about Plaintiff when they knew or should have known that the accounts were not seriously delinquent.

52. Defendants' false communications, acts, and omissions resulted in defamation of Plaintiff and harmed her reputation.

53. Defendants' false communications were the type that would and/or do deter third persons from associating or dealing with Plaintiff.

54. Defendants' communications were the type that would injure Plaintiff's character or subject them to ridicule, contempt, distrust, or would degrade them in the eyes of another.

55. The plaintiff has been seriously damaged and is entitled to damages, costs, and attorney's fees.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants for:

- Actual damages in an amount to be determined at trial against Defendants;
- Statutory and punitive damages in an amount to be determined at trial against Defendants pursuant to 15 U.S.C §§ 1681n and 1681o.
- Actual damages for the emotional distress suffered as a result of the FCRA violations in an amount to be determined at trial;
- Costs and reasonable attorneys' fees pursuant 15 U.S.C. § 1681 *et seq.*;
- Actual damages, costs, and attorney's fees for credit defamation; and
- Other and further relief as may be just and proper.

Dated: January 21, 2025.

        Respectfully submitted,


        By: *s/ Thomas J Lyons Jr*
        Thomas J. Lyons, Jr., Esq.
        MN Attorney I.D. #: 249646
        **CONSUMER JUSTICE CENTER, P.A.**
        367 Commerce Court
        Vadnais Heights, MN 55127
        Telephone: (651) 770-9707
        Facsimile: (651) 704-0907
        tommy@consumerjusticecenter.com\

        *ATTORNEY FOR PLAINTIFF*

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Claudette Adegboro, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not intended for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes outlined in it.

Dated this 26th day of January 2025.

s/Claudette Adegboro
Claudette Adegboro