## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Claudette Adegboro,<br><br>     Plaintiff,<br><br>v.<br><br>Wells Fargo Bank N.A. d/b/a Wells Fargo<br>Card Services,<br>GreenSky LLC,<br>Synchrony Bank, and<br>Capital One Financial Corporation,<br><br>     Defendants. | Case No.: 3:25-cv-40<br><br>**GREENSKY LLC'S ANSWER TO<br>COMPLAINT** |

Defendant, GreenSky LLC ("GreenSky") answers the Plaintiff's Complaint as follows:

## **INTRODUCTION**

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**ANSWER NO. 1**: To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky admits only that Plaintiff alleges a claim under the Fair Credit Reporting Act ("FCRA") in the Complaint. GreenSky denies that it violated the FCRA, or any other laws, and denies that Plaintiff is entitled to any relief against GreenSky. GreenSky denies any remaining allegations in this paragraph.

## **JURISDICTION**

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681.

**ANSWER NO. 2**: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, GreenSky does not contest this court's federal question jurisdiction. GreenSky denies any unlawful conduct occurred in this judicial district or

elsewhere. GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants conducts [sic] business in this District.

**ANSWER NO. 3**: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, GreenSky does not contest venue as to Plaintiff. GreenSky denies it committed any unlawful conduct in this venue or elsewhere. GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

## PARTIES

4. Plaintiff Claudette Adegboro (hereinafter "Plaintiff") is a natural person who resides in the City of Madison, State of Wisconsin, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

**ANSWER NO. 4**: Upon information and belief, GreenSky admits only that Plaintiff is a natural person. Except as admitted, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

5. Defendant, Wells Fargo Bank, National Association d/b/a Wells Fargo Card Services (hereinafter "Defendant WF"), is a national bank that is licensed to do business in the State of Wisconsin and regularly conducts business in said State. Defendant WF has a principal place of business located at 420 Montgomery Street, San Francisco, CA 94104, and 7000 Vista Drive, West Des Moines, IA 50266. Defendant WF has an agent of service of Corporation Service

Company, 505 5th Ave, Suite 729, Des Moines, IA 50309. Defendant WF is a "person" as defined in 15 U.S.C. § 1681a(b) and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

**ANSWER NO. 5**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

6.    Defendant, GreenSky LLC (hereinafter "Defendant GreenSky"), is a financial technology company that provides a platform for banks and merchants to offer consumer loans, primarily for home improvement projects, by acting as a third-party service provider and program administrator, essentially allowing businesses to extend credit to their customers through a "point-of-sale" financing option. Defendant GreenSky is licensed to do business in the State of Wisconsin and regularly conducts business in said State. Defendant GreenSky has a principal place of business located at 5565 Glenridge Connector, Suite 700, Atlanta, GA 30342, and has a registered agent for service in Wisconsin of Joseph Timothy Lauersdorf, 6266 Portage Road, Deforest, WI 53532. Defendant GreenSky is a "person" as defined in 15 U.S.C. § 1681a(b) and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

**ANSWER NO. 6**:  GreenSky admits only that it is a financial technology company and that it provides a platform for merchants to offer consumer loans, and that its principal place of business is 5565 Glenridge Connector, Suite 700, Atlanta, GA 30342.  The allegations that GreenSky is a "person" and "furnisher" under § 1681a(b) and § 1681s-2(b) call for legal conclusions and so no response is required.  To the extent a response is required, GreenSky admits that it is a "person" and "furnisher" as defined under § 1681a(b) and § 1681s-2(b).  GreenSky lacks

knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

7.     Defendant, Synchrony Bank (hereinafter "Defendant Synchrony"), is a national bank that is licensed to do business in the State of Wisconsin and regularly conducts business in said State. Defendant Synchrony has a principal place of business located at 777 Long Ridge Road, Stamford, CT 06902. Defendant Synchrony is a "person" as defined in 15 U.S.C. § 1681a(b) and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

**ANSWER NO. 7**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

8.     Defendant Capital One Financial Corporation (hereinafter "Defendant Capital One") is a foreign corporation incorporated under the laws of the state of Delaware; is authorized to do business in the state of Wisconsin; and has a principal executive office located at 1680 Capital One Drive, McLean, Virginia 22102. Defendant Capital One is a "person" as defined in 15 U.S.C. § 1681a(b) and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

**ANSWER NO. 8**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

## FACTUAL ALLEGATIONS

9.      Due to unforeseen economic circumstances related to divorce proceedings (Case No.: 2022FA1687 Case Code: 40101 – Divorce) [sic].

**ANSWER NO. 9**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

10.      The plaintiff was ordered to assume over 90% of the marital debt and plaintiff was unable to keep up with her payment obligations.

**ANSWER NO. 10**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

11.      To protect her credit profile and attempt to stay current and pay off her creditors, Plaintiff entered a voluntary amortization of their debts by filing a Wisconsin Chapter 128.21 proceeding in Dane County Circuit Court.

**ANSWER NO. 11**:  The allegations in this paragraph are not asserted against GreenSky and, therefore, require no response.  To the extent a response is required, GreenSky admits only that Plaintiff filed a Petition for the Voluntary Amortization of Debts in Dane County, Wisconsin. Except as so admitted, GreenSky denies any remaining allegations in this paragraph.

12.     Plaintiff's Chapter 128 proceeding was filed and assigned case #23CV2743 in October 2023.

**ANSWER NO. 12**:  The allegations in this paragraph are not asserted against GreenSky and, therefore, require no response.  To the extent a response is required, upon information and belief, GreenSky admits the allegations in this paragraph.

13.     On October 23, 2023, the Trustee mailed a copy of the Notice to Creditors to the Defendants.

**ANSWER NO. 13**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky admits only that it received a Chapter 128 notification from the trustee in October 2023.  Except as so admitted, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

14.     On December 12, 2023, Plaintiff received the Dane County Circuit Court Order affirming Plaintiff's Chapter 128 plan.

**ANSWER NO. 14**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

15. By operation of Wisconsin Statute 128.21, Plaintiff's creditors, including but not limited to Defendants, are to cease further collection activity, including but not limited to progressively adverse credit reporting accounts as increasingly late, past due, or charged off status.

**ANSWER NO. 15**: This paragraph contains legal conclusions to which no response is required. To the extent a response is required or any law is misstated or not fully set forth, GreenSky denies the allegations in this paragraph

16. Defendant received notice of Plaintiff's plan via United States Mail on or about October 23, 2023.

**ANSWER NO. 16**: To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky admits only that it received a Chapter 128 notification from the trustee in October 2023 via email. Except as so admitted, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

17. In or about November of 2023, Plaintiff began receiving alerts from her credit monitoring service, Credit Hero Score, stating that she had been delinquent on several payments.

**ANSWER NO. 17**: This paragraph makes no allegations against GreenSky, and therefore no response is required. To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

18.     The plaintiff immediately contacted several creditors, who listed her as delinquent in her payments. During her conversations with the Defendants, she understood that they would disregard her Chapter 128 plan and continue reporting to her as late or past due.

**ANSWER NO. 18**: This paragraph makes no allegations against GreenSky, and therefore no response is required. To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

19.     Therefore, in January 2024, Plaintiff submitted disputes to the national credit reporting agencies, Trans Union (hereinafter "TU"), Equifax Information Services LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), pursuant to 15 U.S.C. § 1681i, stating, in relevant part, that the accounts with the Defendants were reporting incorrectly and explained that the accounts should not be reported as late or delinquent after the filing of her Chapter 128 petition per Wisconsin Chapter 128.

**ANSWER NO. 19**: This paragraph makes no allegations against GreenSky, and therefore no response is required. To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

20.     Attached to Plaintiff's January 2024 dispute letters, she included copies of the Chapter 128 plan along with her attorney's name and contact information and the Chapter 128 trustee's name and contact information.

**ANSWER NO. 20**: This paragraph makes no allegations against GreenSky, and therefore no response is required. To the extent a response is required, GreenSky lacks knowledge and/or

information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

21.     The credit reporting agencies described above all transmitted Plaintiff's disputes, including proof documents, to each Defendant.

**ANSWER NO. 21**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

22.     Defendants all failed to conduct reasonable investigations into Plaintiff's January 2024 disputes, failed to review all relevant information available to it, and failed to update and/or remove the inaccurate account history, or in the alternative, to report the account as "disputed" by changing the Metro II CCC (Compliance Condition Code) to "XB," and, instead, incorrectly verified to TU, Equifax, and Experian that Plaintiff's accounts were being reported correctly, in violation of 15 U.S.C. § 1681s-2(b).

**ANSWER NO. 22**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies the allegations in this paragraph.

23.     Plaintiff received her Experian dispute results on March 4, 2024. The Experian report shows that:

- Defendant Wells Fargo, partial account number 414718152195****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant Wells Fargo, partial account number 577442229588****, refused to remove the late payment history from November 2023 through January 2024.
- Defendant Capital One, partial account number 400344954372****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant GreenSky, partial account number 710000219280****, refused to remove the late payment history starting in November 2023 through January 2024.

**ANSWER NO. 23**: This paragraph makes no allegations against GreenSky, and therefore no response is required. To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

24.    Plaintiff received her Trans Union dispute results on March 2, 2024. The Trans Union report shows that:

- Defendant Wells Fargo, partial account number 414718152195****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant Wells Fargo, partial account number 577442229588****, refused to remove the late payment history from November 2023 through January 2024.
- Defendant Capital One, partial account number 400344954372****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant GreenSky, partial account number 710000219280****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant Synchrony Networks, partial account number 650172584748****, refused to remove the late payment history from December 2023 through January 2024.

**ANSWER NO. 24**: This paragraph makes no allegations against GreenSky, and therefore no response is required. To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

23.    [sic] Plaintiff received her Equifax dispute results on March 14, 2024. The Equifax report shows that:

- Defendant Wells Fargo, partial account number 414718152195****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant Capital One, partial account number 400344954372****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant GreenSky, partial account number 710000219280****, refused to remove the late payment history starting in November 2023 through January 2024.
- Defendant Synchrony Networks, partial account number 650172584748****, refused to remove the late payment history from December 2023 through January 2024.

**ANSWER NO. 23**[1]:  This paragraph makes no allegations against GreenSky, and therefore no response is required. To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph, including all its subparts, and therefore denies same.

24.     Despite receiving copies of the Plaintiff's Chapter 128 plan from the trustee, the Defendants' reporting of their various tradelines was inaccurate and violated the Chapter 128 mandates.

**ANSWER NO. 24**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies the allegations in this paragraph.

25.     Defendants failed to conduct reasonable investigations into Plaintiff's disputes, update the tradelines wholly and accurately to demonstrate the Chapter 128 plan, and therefore violated 15 U.S.C. §1681s-2(b).

**ANSWER NO. 25**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies the allegations in this paragraph.

26.     Specifically, the Defendants reported and are currently reporting the Plaintiff's accounts as seriously delinquent instead of taking into account the Chapter 128 plan/payment or reporting the payment history as "I-7 or R-7" or repayment plan.

**ANSWER NO. 26**:  To the extent the allegations in this paragraph are asserted GreenSky, GreenSky admits only that it furnished information that Plaintiff's account was delinquent. GreenSky denies that it furnished incorrect information and denies the remaining allegations in this paragraph.

---

[1] There are two paragraphs of allegations numbered "23" and "24" in the complaint.

27.    Furthermore, Defendant Wells Fargo, partial account 577442******, is currently reporting as a "Charge Off" to both credit reporting agencies, Trans Union and Equifax, in violation of 15 U.S.C. § 1681s-2(b).

**ANSWER NO. 27**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  To the extent a response is required, GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained within this paragraph and therefore denies same.

## PLAINTIFF'S DAMAGES

28.    As a result of Defendants' inaccurate furnishing/reporting, Plaintiff has suffered a reduced credit score and profile, loss of time spent contacting Defendants, mortgage denials from Johnson Bank, Fairway Independent Mortgage Corporation, Wintrust Mortgage, and Stampfli Mortgage, reduced credit limits, emotional distress, frustration, reputation, depression, and anxiety constituting actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and § 1681n.

**ANSWER NO. 28**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies any allegations of inaccurate furnishing or reporting.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

29.    Plaintiff is entitled to attorney's fees and costs from each Defendant pursuant to 15 U.S.C. § 1681o(a)(2) and § 1681n.

**ANSWER NO. 29**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies the allegations in this paragraph.

## <u>RESPONDEAT SUPERIOR LIABILITY</u>

30.     The acts and omissions of employees and other agents of Defendants who communicated with Plaintiff and/or with the CRAs were committed within the time and space limits of their agency relationship with their principal, Defendants.

**<u>ANSWER NO. 30</u>**:  This paragraph calls for legal conclusions to which no response is required.  To the extent a response is required and the allegations in this paragraph are asserted against GreenSky, GreenSky denies any allegations inconsistent with the law.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

31.     The acts and omissions by these agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants.

**<u>ANSWER NO. 31</u>**:  This paragraph calls for legal conclusions to which no response is required.  To the extent a response is required and the allegations in this paragraph are asserted against GreenSky, GreenSky denies any allegations inconsistent with the law.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

32.     By committing these acts and omissions against Plaintiff, these agents were motivated to benefit their principal, Defendants.

**<u>ANSWER NO. 32</u>**:  This paragraph calls for legal conclusions to which no response is required.  To the extent a response is required and the allegations in this paragraph are asserted against GreenSky, GreenSky denies any allegations inconsistent with the law.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

33.     Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its agents, including but not limited to violations of the FCRA.

**ANSWER NO. 33**:  This paragraph calls for legal conclusions to which no response is required.  To the extent a response is required and the allegations in this paragraph are asserted against GreenSky, GreenSky denies any allegations inconsistent with the law.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

## STANDING

34.     Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

a.   a valid injury in fact;
b.   which is traceable to the conduct of Defendants;
c.   and is likely to be redressed by a favorable judicial decision.

*See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

**ANSWER NO. 34**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  Further, this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, GreenSky denies any allegations inconsistent with the law.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

35.    In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

**ANSWER NO. 35**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  Further, this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, GreenSky denies any allegations inconsistent with the law.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

*The "Injury in Fact" Prong*

36.    Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

**ANSWER NO. 36**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  Further, this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, GreenSky denies any allegations inconsistent with the law.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

37.    For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Defendants' actions negatively impacted Plaintiff's credit.

**ANSWER NO. 37**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  Further, this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, GreenSky denies any allegations inconsistent with the law.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the

truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

38.    For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. In the instant case, Plaintiff personally suffered worse credit and emotional distress.

**ANSWER NO. 38**: This paragraph makes no allegations against GreenSky, and therefore no response is required.  Further, this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, GreenSky denies any allegations inconsistent with the law.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

*The "Traceable to the Conduct of Defendants" Prong*

39.    The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendants.

**ANSWER NO. 39**: This paragraph makes no allegations against GreenSky, and therefore no response is required.   Further, this paragraph calls for legal conclusions to which no response is required. To the extent a response is required, GreenSky denies any allegations inconsistent with the law.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

40.     In the instant case, this prong is met simply by the facts that the violative conduct contemplated in this Complaint was initiated by Defendants directly, or by Defendants' agents at the direction of Defendants.

**ANSWER NO. 40**:  This paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, GreenSky denies any allegations inconsistent with the law and denies that it directly or indirectly committed any unlawful conduct.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

*The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

41.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

**ANSWER NO. 41**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  Further, this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, GreenSky denies any allegations inconsistent with the law.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

42.     In the present case, Plaintiff's Prayers for Relief includes a request for statutory and actual damages. The damages were set by Congress and specifically redress the financial damage suffered by Plaintiff.

**ANSWER NO. 42**:  This paragraph makes no allegations against GreenSky, and therefore no response is required.  Further, this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, GreenSky admits only that the Prayers for Relief include a request for statutory and actual damages.  GreenSky denies that Plaintiff is entitled to

any such damages and denies any allegations inconsistent with the law. GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

43. Furthermore, the award of monetary damages redress the injuries of the past, and prevent further injury by Defendants in the future.

**ANSWER NO. 43**: This paragraph makes no allegations against GreenSky, and therefore no response is required. Further, this paragraph calls for legal conclusions to which no response is required. To the extent a response is required, GreenSky admits only that Plaintiff seeks monetary damages. GreenSky denies that Plaintiff is entitled to any such damages and denies any allegations inconsistent with the law. GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

44. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendants on the stated claims.

**ANSWER NO. 44**: This paragraph makes no allegations against GreenSky, and therefore no response is required. Further, this paragraph calls for legal conclusions to which no response is required. To the extent a response is required, GreenSky denies any allegations inconsistent with the law. GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

44.     [sic] Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

**ANSWER NO. 44**[2]:  This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, GreenSky denies the allegations in this paragraph, upon information and belief.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT –
15 U.S.C. § 1681,** *et seq.* **– ALL DEFENDANTS**

45.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

**ANSWER NO. 45**:  GreenSky incorporates by reference its responses to all of the above paragraphs as its response to this paragraph.

46.     Defendants prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false consumer information regarding Plaintiffs, as defined in the Fair Credit Reporting Act.

**ANSWER NO. 46**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies the allegations in this paragraph.

47.     Defendants willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation concerning the disputed information and failing to review all

---

[2] There are two paragraphs of allegations numbered "44" in the complaint.

relevant information available to Defendants, and at the very least, failing to update their tradeline(s) as disputed.

**ANSWER NO. 47**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies the allegations in this paragraph.

48.    Defendants' conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act.

**ANSWER NO. 48**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies the allegations in this paragraph.

49.    Plaintiff is entitled to recover costs and attorneys' fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER NO. 49**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies the allegations in this paragraph.

## COUNT II.

## CREDIT DEFAMATION

50.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

**ANSWER NO. 50**:  GreenSky incorporates by reference its responses to all of the above paragraphs as its response to this paragraph.

51.    Defendants maliciously communicated false and derogatory information about Plaintiff when they knew or should have known that the accounts were not seriously delinquent.

**ANSWER NO. 51**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies the allegations in this paragraph.

52.    Defendants' false communications, acts, and omissions resulted in defamation of Plaintiff and harmed her reputation.

**ANSWER NO. 52**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies the allegations in this paragraph.

53.    Defendants' false communications were the type that would and/or do deter third persons from associating or dealing with Plaintiff.

**ANSWER NO. 53**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies the allegations in this paragraph.

54.    Defendants' communications were the type that would injure Plaintiff's character or subject them to ridicule, contempt, distrust, or would degrade them in the eyes of another.

**ANSWER NO. 54**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies the allegations in this paragraph.

55.    The plaintiff has been seriously damaged and is entitled to damages, costs, and attorney's fees.

**ANSWER NO. 55**:  To the extent the allegations in this paragraph are asserted against GreenSky, GreenSky denies that plaintiff is entitled to any damages from GreenSky.  GreenSky lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained within this paragraph and therefore denies same.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants for:

- Actual damages in an amount to be determined at trial against Defendants;

- Statutory and punitive damages in an amount to be determined at trial against Defendants pursuant to 15 U.S.C §§ 1681n and 1681o.

- Actual damages for the emotional distress suffered as a result of the FCRA violations in an amount to be determined at trial;

- Costs and reasonable attorneys' fees pursuant 15 U.S.C. § 1681 *et seq.*;

- Actual damages, costs, and attorney's fees for credit defamation; and

- Other and further relief as may be just and proper.

**ANSWER TO WHEREFORE PARAGRAPH**: GreenSky denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

GreenSky denies all other allegations set forth in Plaintiff's Complaint not expressly admitted.

## **AFFIRMATIVE DEFENSES**

### **First Defense**

Plaintiff's claim is barred, in whole or in part, for failure to state a claim on which relief can be granted.

### **Second Defense**

Plaintiff's alleged damages, if any, were not caused by any action by GreenSky but were caused by the negligent, intentional, fraudulent, or otherwise, actions of Plaintiff or others over whom GreenSky had no control and for whose actions GreenSky is not responsible.

### **Third Defense**

At all times alleged in the Complaint, GreenSky acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose.

### **Fourth Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

### **Fifth Defense**

Plaintiff's own actions contributed to any damages alleged in the Complaint.

### **Sixth Defense**

Plaintiff's claims against GreenSky may be subject to an arbitration agreement.

### Seventh Defense

Plaintiff's claims are barred by the doctrines of waiver, laches, or estoppel.

### Eighth Defense

Plaintiff failed to mitigate her damages.

### Ninth Defense

Plaintiff's claim may be barred by the applicable statute of limitation.

GreenSky reserves the right to assert any additional affirmative defense that may become available as the result of further discovery in this lawsuit.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, GreenSky respectfully requests that judgment be entered in its favor dismissing this action with prejudice, denying all of the relief requested, and granting it such further relief as the Court deems appropriate.

Dated this 12th day of March, 2025.

HUSCH BLACKWELL LLP
Attorneys for GreenSky LLC

By: s/ Becky Bavlsik

Natalia S. Kruse, 1105902
33 East Main Street, Suite 300
Madison, Wisconsin 53703
608.255.4440
608.258.7138 (fax)
Natalia.Kruse@huschblackwell.com

Becky Bavlsik, 1131510
511 North Broadway, Suite 1100
Milwaukee, Wisconsin 53202
414.273.2100
414.223.5000 (fax)
Becky.Bavlsik@huschblackwell.com